**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Dolores D. Garner,** ) | **CASE NO. 1:15 CV 2448** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cleveland Metropolitan Housing** ) | |
| **Authority Asset Management Team,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

**INTRODUCTION**

*Pro se* Plaintiff Dolores D. Garner filed this action against the Cleveland Metropolitan Housing Authority Asset Management Team ("CMHA") and CMHA Chief Operating Officer Jeffrey K. Patterson.  In the Complaint, Plaintiff claims CMHA did not respond quickly to her request for a larger apartment to accommodate her children who stayed with her during school breaks or her request for a hardship reduction in her rent.   She indicates CMHA discriminated against her and retaliated against her.  She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF. No. 2).  That Application is granted.

**BACKGROUND**

Plaintiff's 205 page Complaint is composed largely of exhibits from which the Court was required to deduce the events that gave rise to this action.  It appears that on March 12,

2013, Plaintiff signed a lease agreement with CMHA to rent an efficiency apartment. That lease, in the section marked "Family Composition," states:

> The Resident represents to Management that the persons listed below, as indicated after their names, constitute the members of the household who will occupy the dwelling unit leased. The Resident may delete or add household members by initialing along with management the change on this lease and providing required verification subject to management's approval and applicable law.

(ECF No. 1-8 at PageID # 93). Immediately below that clause is a list of "All Individuals Who Reside in Unit." Plaintiff is listed as the only resident of the apartment. She initialed and dated that notation. (ECF No. 1-8 at PageID # 92). The lease specifically states that "CMHA, relying upon the representations of the Resident as to the Resident's income, family composition and housing need, hereby leases to Resident...the dwelling unit located at: 12000Wanda Ave., Cleveland, Ohio."  (ECF No. 1-8 at PageID # 93).

Plaintiff has three children she did not list on that lease as occupants of the unit. She states that at the time she signed the lease, all three children resided with their respective fathers, who had primary residential custody of them. She indicates her oldest child indicated to her three months after she moved into her CMHA apartment that he wished to live with her. He was 17 years old at that time, entering his senior year of high school. He turned 18 years old in October of 2013. Plaintiff does not indicate whether she followed the required steps to add him as a household member as outlined in the lease. She only contends CMHA refused to recognize him as a resident of the unit. In the fall of 2014, he entered Eastern Michigan University, but returns to Plaintiff's apartment during school breaks. Plaintiff also has two teenaged daughters who spend alternating weekends, holidays and six weeks in the summer with Plaintiff under the

terms of her shared parenting agreement with their father. That agreement, signed in 2004, had been in place for nine years when Plaintiff signed the CMHA lease. Because CMHA did not consider Plaintiff's children to be full time residents of the unit, they could not enter the building without Plaintiff. There is no indication in the exhibits, however, that CMHA barred or attempted to bar Plaintiff's children from staying in her apartment.

Plaintiff also had difficulty maintaining steady employment and a steady income. The reasons for the fluctuation in her income are not entirely apparent from the exhibits to her Complaint. Some of the exhibits indicate she worked briefly at different jobs and then collected unemployment benefits. She may have collected food stamps for a period of time, and may have attended college full or part time. Her rent was set at a flat rate of $158.00 per month. Plaintiff fell into arrears in her rent payments and eviction proceedings were started on at least two occasions. The cases appear to have been dismissed because CMHA did not appear in court for the hearings. Plaintiff requested a hardship exemption from rent and CMHA granted this request.

Plaintiff contends that when her two daughters were with her pursuant to the shared parenting agreement, the efficiency apartment became crowded. Plaintiff states that during those visits, everyone slept on a mattress in the middle of the floor. She requested transfer to a larger apartment in the fall of 2013. CMHA indicated Plaintiff would not be eligible for transfer to a larger unit with more bedrooms unless she could demonstrate to CMHA that she had residential custody of her children. Plaintiff provided them with her shared parenting agreement; however, that document expressly stated "Father is [the] custodial parent." Plaintiff filed a motion for a change of custody with the Juvenile Court on November 8, 2013. Along

with her motion, she attached an affidavit stating her daughters did not live with her at that time, and had only lived with her from November 22, 2012 to December 10, 2012 (when their father was incarcerated), and from July 1, 2013 to August 12, 2013, (when the girls were with her pursuant to the shared parenting agreement).  She indicated to the court that both girls currently resided with their father.  Cuyahoga County Juvenile Court Judge Allison L. Floyd denied the motion to modify custody on March 21, 2014.  Plaintiff does not indicate whether she was successful in obtaining a larger apartment.

Plaintiff indicates her apartment was plagued by bedbugs.  CMHA hired an exterminator who was required to enter her apartment to spray for bugs.  She contends they entered her apartment without proper notice.

Plaintiff's Complaint does not specify any particular legal claims she wishes to assert.  She simply states CMHA discriminated against her and retaliated against her.  She seeks $250,000.00 in damages

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Plaintiff claims, without explanation, that CMHA discriminated against her and retaliated against her.  She does not specify a legal basis for these claims and does not allege facts to support them.  Because Plaintiff chose to present her Complaint solely through exhibits, it is very difficult to determine what Plaintiff is attempting to assert.  While the Court liberally construes *pro se* pleadings, it is not the obligation of the Court to search through the voluminous exhibits of the Complaint in order to glean a clear and succinct statement of each claim for relief.  *Laster v. Pramstaller*, No. 08–CV–10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) (citing *Windsor v. Colorado Dep't. of Corr*., 9 Fed. App'x. 967, 968 (10th Cir. 2001) (quotation marks omitted)); *Hollon v. Eastern Ky. Correctional Complex,*  No.

10–CV–177–KSF, 2010 WL 2924091, at *2 (E.D. Ky. July 22, 2010).  It is Plaintiff's responsibility to clearly edit and organize her claims and supporting allegations into a manageable format.  She failed to do so.

It is possible Plaintiff was attempting to assert a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(b), which prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith," because of race, color, religion, sex, familial status, or national origin.  Subsection (a) of this provision proscribes refusal to rent, or refusal to negotiate to rent, or "otherwise make unavailable or deny," a dwelling, on any of the above bases.  *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n. 15 (1977).  To state a *prima facie* claim, Plaintiff must show: (1) that she is a member of a protected class; (2) that she applied for and was qualified to rent housing; (3) that she was rejected; and (4) that the housing remained available thereafter. *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 634–35 (6th Cir. 2000).  Once the *prima facie* case is established, the burden shifts to the Defendants to offer legitimate, non-discriminatory reasons for their actions.  *Id*. at 634.  If successful, the burden returns to the Plaintiff to identify evidence of pretext masking unlawful discrimination.  *Id.*

The Court is aware that, at this stage, Plaintiff is not required to plead her discrimination claim with heightened specificity.  *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002); *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007).  Nevertheless, the Supreme Court clarified that a Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  The factual allegations are not required to be very detailed, but they "must be enough to raise a right to relief above the

-6-

speculative level on the assumption that the allegations in the Complaint are true." *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Plaintiff's Complaint never rises above the speculative level. The Court is left to guess at the whether the proposed basis of discrimination is race, color, religion, sex, familial status, or national origin. The Court must also speculate on why Plaintiff considers CMHA's actions to be discriminatory. Plaintiff signed a lease that indicated she would be the only person living in the subsidized housing. While she suggests representatives at CMHA knew about her shared parenting agreement, that information is not listed in the lease Plaintiff signed and initialed. Plaintiff indicates she informed CMHA three months later that her son was moving in with her but does not indicate whether she followed the proper procedure to add him as an occupant as required by the lease. She complained the apartment was crowded when her daughters visited her. She claims she got behind in her rent. CMHA did not evict her. Instead, they gave her a hardship reduction in rent. They did not tell her that her children could not stay with her. They informed her that they would put her on the waiting list for a larger apartment if she could demonstrate that she had custody of her children. Plaintiff unsuccessfully attempted to gain custody of her daughters in 2013. Plaintiff does not allege what happened after that point. Plaintiff does not suggest how she believes she was treated differently than others and on what basis. This is not sufficient to meet basic pleading requirements in federal court. *See* Fed. Civ. R. 8 (complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and court is

not required to accept unwarranted factual inferences).

Plaintiff's retaliation claim is similarly vague.  The FHA also prohibits retaliation against any person for his or her exercise of FHA rights.  *See* 42 U.S.C. § 3617; *Ward v. Dickens*, No. 3:11CV 362-H, 2012 WL 1038184, at *3 (W.D. Ky. Mar. 27, 2012).  Plaintiff does not state what rights under the FHA she exercised, what the Defendant did that she considers to be retaliatory, and how the two are causally connected.  This claims also fails to meet the basic pleading requirements of Rule 8.

### **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/1/16